JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damian Ayarzagoitia, | No.  CV-25-03724-PHX-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Carol Wallace, | |
| Defendant. | |

## I. Procedural History

On July 29, 2025, Plaintiff Damian Ayarzagoitia, who is confined in the Saguaro Correctional Center, filed a Complaint (Doc. 1-1 at 2-6)[1] in the Superior Court of Pinal County, Arizona, against Assistant Warden Carol Wallace. On October 6, 2025, Defendant Wallace filed a Notice of Removal and removed the case to this Court.  On October 9, 2025, Defendant filed a Motion to Stay and Screen Plaintiff's Complaint.  (Doc. 3.)  On October 17, 2025, Plaintiff filed an Objection to Notice of Removal and Request to Keep Action in Superior Court (Doc. 4), which the Clerk of Court docketed as a Motion to Remand to Superior Court.

## II. Remand

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*,

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

1 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction" and the burden of establishing jurisdiction is on the party asserting jurisdiction. *Id.* Limitations on the court's jurisdiction must neither be disregarded nor evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The Court is obligated to determine whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"The removal statute is strictly construed **against** removal jurisdiction." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (emphasis added). The party invoking the statute bears the burden of establishing federal jurisdiction. *Id.* "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see California ex rel. Lockyer*, 375 F.3d at 838.

Here, Defendant asserts that "[a]lthough it is not entirely clear, it appears that Plaintiff's Complaint intends to assert claims arising under federal law." Defendant contends that Plaintiff "fails to allege specific causes of action to include any state law tort action" and instead "appears to be asserting a federal constitutional violation claim for denial of access to courts which could be brought as: (1) a 42 U.S.C. § 1983 *Monell* Civil Rights Claim – Unconstitutional Policy and Custom; (2) a Fifth Amendment (due process violation lack of access to courts) Claim; and/or (3) a Fourteenth Amendment (due process

violation lack of access to courts)." According to Defendant, "generously read, Plaintiff's Complaint appears to assert federal questions."

In his Motion to Remand, Plaintiff states that he is not alleging any constitutional or federal law claims, "nor is he intending to do so." Plaintiff asserts that his claim "is based upon the State Court system not accepting handwritten documents for filing," and he is "seeking redress from the State Court to order Defendant to allow for the opportunity to type out pleadings, using a computer, so that the State Court rules can be complied with."

The plaintiff is the master of his claims and "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. A plaintiff, therefore, may choose to have a case heard in state court "by eschewing claims based on federal law." *Id.* at 399. *See also California ex rel. Lockyer*, 375 F.3d at 838-39. Even if some of Plaintiff's allegations may be *consistent* with federal causes of action, Plaintiff has explicitly designated his claims as arising solely under state law. As such, Defendant has failed to demonstrate that this Court has federal question jurisdiction over Plaintiff's Complaint. The Court will grant Plaintiff's Motion to Remand and will remand this case to Pinal County Superior Court. The Court will deny Defendant's Motion to Stay and Screen Plaintiff's Complaint as moot.

**IT IS ORDERED:**

(1) Plaintiff's Motion to Remand to Superior Court (Doc. 4) is **granted**. This matter is **remanded** to the Superior of Pinal County, Arizona.

(2) Defendant's Motion to Stay and Screen Plaintiff's Complaint (Doc. 3) is **denied as moot**.

(3) The Clerk of Court must mail a **certified copy** of this Order to:

>Rebecca Padilla
>Clerk of Court
>Pinal County Superior Court
>PO Box 2730
>Florence, AZ  85132

. . . .

(4)   The Clerk of Court must close this federal case.

Dated this 27th day of October, 2025.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　James A. Teilborg
　　　　　　　　　　　　　　　　　　　Senior United States District Judge